IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK BROWN,<br><br>          Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP,<br><br>          Defendant. | 8:21CV170<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his pro se Complaint (Filing 1) on April 22, 2021, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Donald J. Trump for inflicting "mental and intellectual damage across several international families due to slander." He alleges that "people who are much younger than me are terrified to come to the country." (Filing 1, p. 4.)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). A "liberal construction" means that if the essence of an allegation is "discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Jurisdiction is a threshold issue for this court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

The heart of standing "is the principle that in order to invoke the power of a federal court, a plaintiff must present a 'case' or 'controversy' within the meaning of Article III of the Constitution." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating

that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To satisfy the constitutional minimum of standing, a plaintiff must allege and show: 1) an injury in fact; 2) that is fairly traceable to the challenged action of the defendant, and 3) is likely to be redressed by a favorable decision. *Braden*, 588 F.3d at 591. "The complaining party must ... show that he is within the class of persons who will be concretely affected." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

Plaintiff does not allege that he is within the class of persons who allegedly have been slandered and are afraid to come to this country. In fact, Plaintiff alleges he is a Nebraska citizen. (Filing 1, p. 3.) Nor does Plaintiff allege, for example, that he has relatives who are being excluded from the country. *See Trump v. Hawaii*, 138 S. Ct. 2392 (2018). "Standing requires more than just a 'keen interest in the issue.'" *Id.*, at 2416 (quoting *Hollingsworth v. Perry,* 570 U.S. 693, 700 (2013)). "It requires allegations—and, eventually, proof—that the plaintiff 'personal[ly]' suffered a concrete and particularized injury in connection with the conduct about which he complains." *Id.* (quoting *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547-48 (2016)). Plaintiff's Complaint contains no such factual allegations.

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment will be entered by separate document.

Dated this 2nd day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judg